May it please the Court, Life of a Bald on behalf of the United States, I would like to try to reserve three minutes for Raudel and I will watch the clock to endeavor to do that. Okay, and by the way, speaking of the clock, Stacey, you should start the clock rolling. There you go. So to start with the question the Court has asked the parties to address regarding whether the Court should certify a question here to the Washington Supreme Court. Certification to that Court is available where the relevant state law is not clearly determined, no state appellate opinions are instructive, and answers are necessary to disposal of the case. Here, certification is not necessary because the relevant state law is clearly determined and the state appellate opinions are not just instructive, but determinative. Plaintiffs in this case allege and prove one cause of action under Washington law, that's the wrongful conception or wrongful pregnancy cause of action, addressed in the Washington Supreme Court's decision in McKernan, and McKernan also set out the damages available for that cause of action. A plaintiff can recover the cost associated with the unwanted pregnancy and childbirth and the government is not challenging the award of those damages in this case. Where the District Court erred here is in its reliance on a separate Washington Supreme Court decision, Harbison, involving two distinct causes of action, wrongful birth or wrongful life, where costs associated with extraordinary child-rearing expenses related to a congenital condition can be recovered along with general damages on behalf of the parents for emotional distress. It's clear from plaintiff's own briefing in this case, however, that those causes of action are not implicated. The wrongful birth or wrongful life cause of action, Harbison makes clear, may arise in a situation in which a doctor fails to provide material information on the risk that a child may be born with a birth defect to prospective parents or where a medical procedure is undertaken to avoid the conception or birth of a child suffering from a birth defect, and neither of those scenarios are implicated in this case. Mr. Oberwald, I thought the government concedes that the plaintiffs are entitled to recover the costs that are actually attended to the wrongful birth. I thought I heard you say that they had no cause of action for wrongful birth, but I'm not sure that's correct under Washington law. The taxonomy of the sort of causes of action does get confusing, Your Honor, but as I understand how Washington law sort of breaks out the various causes of action, what the breach of the sort of general duty to use due care and providing contraceptive treatment, that gives rights either a wrongful pregnancy or a wrongful conception cause of action, not a wrongful birth cause of action. I mean, this may be semantics, but if the patient goes in to obtain birth control, which is apparently what she was doing, and there's negligence on the part of the health care provider in giving her the wrong drug and she gets pregnant, doesn't she have a cause of action for wrongful birth under Washington substance abuse law? It may be a strangeness, but as I understand the cause of action that would be present in that case, that is a wrongful conception, a wrongful pregnancy cause of action. The distinguishing sort of feature is the duty that underlies the two potential causes of action. And for a wrongful birth cause of action, you do need the duty that arises when a procedure is undertaken specifically to avoid the birth or conception of a child suffering from a  In that situation, there may be an unreasonable risk of a birth defect that's sort of beyond the general risk that may attend all pregnancies. And that's the sort of considerations that Harbison was looking for. Why was that? Why is that avoiding a birth defect inherent in a wrongful birth claim? I mean, that just seems like that was the facts of Harbison. It doesn't mean that that's the entire universe of what a wrongful birth claim would be. Well, the particular facts of Harbison, I think it's even clearer. I mean, there was the doctors were prescribing medication tied to this risk of birth defects without investigating those risks or communicating them to the plaintiff. I mean, there's clearly an unreasonable risk of birth defects beyond what sort of may attend any pregnancy. But even in sort of discussing when the duty may arise outside of that particular situation, Harbison looked specifically to whether a medical procedure is being undertaken to avoid the conception or birth of a child suffering from a birth defect. That sort of language would be entirely unnecessary if the plaintiffs were correct that a sort of much more general duty not tied to any unreasonable risk that a pregnancy might result in a child suffering from a birth defect also sort of encompasses the hazards associated with birth defects. That's also sort of consistent. I think this may be saying the same thing that Judge Bumatai just asked you. But it seems to me that the question here is the scope of the duty or what was reasonably foreseeable. And are you arguing that because there was no reason to believe that this particular patient or her boyfriend, husband, whatever he was, had any history in the family of birth defects, therefore the provider had no reason to believe that if there was an accidental birth, it would result in a child born with these particular defects? We're arguing as a result of those facts that the providers in this case were not under the specific duty addressed in Harbison, which arises when there's an unreasonable risk of birth defects to protect against that risk. They were under the more general duty to use due care in providing contraceptive treatment. But Washington law looks to whether the defendants were negligent, the risk that made the defendants conduct unreasonably dangerous. And that risk in the sort of wrongful conception or wrongful pregnancy case is just the general possibility that negligence in that situation may result in an unwanted pregnancy or unwanted childbirth. It does not have the sort of additional features that Harbison looks to. Counsel, it's Judge Gould. If I may interject a couple of simple questions for you. First of all, did the did the clinic breach a duty of care by not administering the contraceptive? We're not contesting that the clinic breached the duty of care underlying the service general. Does that mean your answer to my question is yes, they breached the duty? Yes, they breached a duty, your honor. And then my second question is, if they breached a duty, then does this case end up devolving into the question of what are the damages approximately caused by their breach? It doesn't under Washington law, or at least that's not the primary way the Washington courts have addressed that question. And the Kristen V. Lee case that we discussed in the briefing and the plaintiffs also discussed, I think actually reflects that point particularly clearly, because in that case, that was a case about when bar establishments serve alcohol to an obviously intoxicated person. And it was undisputed that there was a question of fact in that case as to at least one of the plaintiffs that that duty had arisen and was alleged to have been breached. The question then is whether the defendant was also subject to the more specific duty that may arise in that situation to protect against the risk that a person served alcohol in that situation may assault another person. And they concluded that duty, the duty that is tied to that particular risk of an unreasonable risk of assault was not present, absent some sort of factors. Okay, I got that. So let me ask you one further question. Now, this is probably dating myself, but going back to my law school days, I thought the basic tort rule was that you kind of take your victims as you find them so that if a car negatively bumped into a pedestrian and that pedestrian happened to have kind of an eggshell body that cracked all apart, the negligent driver would be liable for the damages caused. So why is this any different from that? If if the government, if the clinic is negligent in not administering the contraceptive, why are. So the eggshell skull plaintiff rule allows the plaintiff to recover where damages in an otherwise recoverable category of damages are unusually high. It doesn't allow you to sort of get out of the inquiry that the Washington cases make clear is the focus. What is the sort of ambit of harms covered by the particular duty at issue? And in this case, we know that from a current that child rearing expenses, for example, are not ordinarily covered by the general duty to use due care and providing contraception. So this isn't sort of a case in which that is a recoverable category of damages and they turn out to be unusually high in this case because of the particular sort of facts that have developed. But it's a case in which that duty to protect against an unreasonable risk of birth defects has not even come into place because the scenarios that Harbison discusses are not present here. So we don't even have that particular duty at issue. Is there a history taken from from this plaintiff when she first came to the clinic seeking birth control assistance? Your Honor, I'm not aware whether there was there was a history taken. There's nothing in the record suggesting any elevated risk either on her part or her partner's part. And I believe they both indicated in the record that there was no family history of any either this particular rare neurological condition or any other sort of birth defects. But I'm assuming she must have been seen by a doctor the first time she came who then prescribed the birth control medication. Isn't isn't that true? It may vary. I just do not know. It's not sort of in the record that I've reviewed any sort of details on the history. Was her medical record not sought by the United States in defending this action? Your Honor, I would imagine it was. I am just not sure whether that particular point was put at issue in the district court. So I know there was no sort of allegation that either either of the parents in this case were at any elevated risk in this regard. So I don't think there was any litigation on that question one way or the other. So your position is that in the absence of any suggestion that that there might be a risk of this type of defect from the medical history, then as a matter of law, it's not If birth control measures failed and a wrongful conception occurred, then the United States is not liable for the costs associated with treating the birth defect. Yes, our position is that there was no duty tied to those risks. That's reflected in Harbison. And so McKernan sets the general rule, which does not permit expenses for childbearing across the board and doesn't sort of allow an exception with no limiting principle for simply alleging that childbearing expenses are more than ordinary in some particular case, and that sort of allows you to then again recover expenses. And you don't see any tension between Harbison, Maltman, and McKernan in Washington law? I mean, frankly, I do not find Washington tort law to be nearly as clear as you seem to think it is in reading those opinions. Crispin, I think, really does knit together how the general rule applicable in McKernan applies with a more specific duty and ability to recover for additional hazards that Harbison discusses. You need to have the sort of features that allowed the duty in Harbison to arise. And absent that, you're just not subject to a duty. The birth defect is not the sort of what made the conduct here unreasonably dangerous. It's just the risk that it may have resulted in unwanted pregnancy. Crispin and Maltman all, I think, are consistent with that general principle. And I see that I'm into my rebuttal time. Sorry, can I just ask one quick question? Assuming we disagree with you on the certification question, do you have any quibbles with the way we frame the certification question? We would just take the position that it is a wrongful conception, a wrongful pregnancy cause of action. Harbison is quite clear on when a wrongful birth cause of action may arise. And I don't understand the plaintiffs to be disputing when that may arise. And it seems quite clear, given the undisputed facts here, that we're not in the situation contemplated by Harbison. So the question to the Washington Supreme Court would be, if you have a wrongful pregnancy or wrongful conception cause of action, where there was no indication prior to the alleged breach that there was an unreasonable risk of birth defects, if a child ends up being born with some sort of congenital condition by happenstance, are you able to then seek extraordinary child-rearing expenses, as well as the general damages that were awarded to the parents here, which, again, are not available under McKernan for a wrongful pregnancy cause of action? Well, your time is technically up, and I'm going to give you three minutes of rebuttal argument. I think that's what you asked for initially. Thank you. So for planning purposes, you can plan on that. And now we'll hear from appellees. Good morning. This is Mike Maxwell here on behalf of the appellees and the plaintiffs in the underlying action. I'm joined here in the room by my co-counsel, Steve Alvarez, who's been with this case from the very beginning. The Washington Supreme Court held in Harbison that Washington law imposes a duty on health care providers to perform medical procedures with due care. If the breach of that duty causes an injury in the form of the birth of a defective child, the fact finder is within its discretion to award any damages, so long as the damages are within the general field of danger covered by the duty. Washington law does not tether the damages to the plaintiff's motive in seeking the procedure. Washington law gives deference to the fact finder in awarding damages. A damages award is a fact finding. It is not a legal conclusion and it should not be disturbed on appeal. Any damages awarded by the fact finder for injuries caused by the breach of the duty are discretionary and permissible, so long as the damages are within the general field of danger covered by the duty. There's no limitation at all. If the birth is wrongful, then anything that follows is recoverable. Well, correct. Whether the damages are within the general field of danger covered by the duty is a fact finding. And it's not that there's no limitation. The limitation is the clear error standard. Square your position with McKiernan. Sorry, could you repeat that question, please? Yes. How do you square your position with McKiernan, where the Washington Supreme Court said we're not going to impose on the health care provider liability for costs of child rearing? In McKiernan, the limiting factor was the fact that the child was healthy. The doctor breached the duty of performing a medical procedure of sterilization with due care, and a healthy child was born, and the Washington Supreme Court held that it would be speculative for a jury to weigh the cost of child rearing versus the benefits of having a child. And so the limiting factor in McKiernan was the fact that the child was healthy. Counselor, it does seem like you are asking for an extension of Harbison. I'm looking at some of the language in Harbison that says, if medical procedures are undertaken to avoid the conception or birth of defective children, duty also requires that these procedures be performed with due care. So it does seem to link seeking the procedure to avoiding the conception of a defective child. Your Honor, I think that's an excellent point. I would direct the court to page 467 of the opinion, which I think answers that. For purposes of the analysis which follows, therefore, wrongful birth will refer to an action based upon an alleged breach of the duty of a health care provider to impart information or perform medical procedures with due care, where the breach is the approximate cause of the birth of a defective child. So you're saying that that general setting out of the cause of action does not link it to avoiding the birth of a defective child. I'm saying, yes, it's correct. I'm saying that Harbison laid this out for us and set the roadmap. There are two duties which may be breached, which result in the torts of a wrongful birth and wrongful life. Although Harbison said that these labels are not important, what is important is that this is a medical malpractice action under Washington statute RCW 7.70. But the two duties that are set forth in Harbison are the duty to impart information and to perform medical procedures with due care. If either of those duties is breached, and if the breach of the duty causes the birth of a defective child, and that's the cause of the defective child, then the fact finder may award damages for the cause of action of wrongful birth and wrongful life. And the damages which may be awarded are the very damages that the United States objects to here. But in Harbison, wasn't that the case where the mother had been receiving medication for epilepsy and they specifically asked three different doctors at Madigan Army Hospital whether or not there might be a danger if she became pregnant to the newborn child? So in that case, the health care providers were clearly on notice that there might be a particular problem here. And the patient had sought medical advice as to what the impact of her epilepsy medication might be on the birth of her children. Yes, that is correct. Harbison was a case where the fact pattern was that the mother, the violation was the first of those two duties, the failure to impart information. That was the fact pattern underlying Harbison. But the Harbison court took pains to say that there are two duties. One is the duty to impart information. The other is the duty to perform medical procedures with due care. If either of those two duties is breached, and if the breach of the duty is the cause of the birth of a defective child, then the torts of wrongful birth and wrongful life may be brought. Go ahead. Yes, and then the damages to which the United States rejects may be awarded. But you're trying to limit the duty in Harbison by excluding the specific information that the patient sought medical advice on from three different physicians. Doesn't that inform the definition of what the scope of that duty was from a foreseeability standpoint? No. The doctors knew that she was taking this medication for epilepsy that might impact the child. And here, as I understand, and maybe you can help me on the record, there was no indication in whatever medical history was taken from this particular patient that if she did get pregnant, the risk of a congenital birth defect would be present. Your Honor, it is true that in order to breach the first prong, which is the duty to impart information, the patient must be seeking to avoid the birth of a defective child. But the second prong is a duty to perform medical procedures with due care. That duty is not... Counsel, I'm not sure you understand. Maybe I'm not articulating my question. In examining what the scope of that duty is, isn't it relevant to what a reasonable physician would do that the doctor would consider the medicine that the mother was taking for epilepsy and the risk that that medicine might produce a child with birth defect? Well, certainly, absolutely, 100%. But we don't have that here. That's the problem I'm struggling with. Right. Yes, that would be under the duty to impart information. I guess that's where you and I... I'm not sure that's right. I mean, I don't see how you can eliminate that significant piece of information from articulating what the scope of the duty was of the care that the doctor should have rendered for this particular patient. Because Harvison identified two separate duties, the breach of either, if it is the proximate cause of the birth of a defective child. And, again, on page 467, the key quote is, quote, for the purposes of the analysis which follows, therefore, wrongful birth will refer to an action based upon an alleged breach of the duty of the health care provider to impart information or perform medical procedures with due care, where the breach is the proximate cause of a birth of a defective child. Our cause of action... We are taking the position that, but for the fact that a child was born, the doctor is responsible for all damages that fall. And that's where I'm having a hard time, in light of McKiernan, following you. Because it seems to me that that is inherently a public policy question that is best answered by the Washington Supreme Court rather than this court. We believe that the... Go ahead. We believe the Washington Supreme Court has already answered this. And it's... There's a duty to follow procedures, to perform medical procedures with due care set forth by Harbison. The United States concedes that there was breach of the duty. There was but for causation. We have legal causation on page 476 of the opinion. Harbison sets forth a legal causation saying, quote, We therefore hold as a matter of law in wrongful birth cases, if cause in fact is established, the approximate cause is satisfied. Once that happens, it's a factual matter, not a question of law, but a factual matter of whether the damages are within the general field of danger covered by the duty.  McClellan versus Granite County School District. And whether the damages are within the general field of danger, that's also a fact matter and not a legal conclusion. Here we had a trial, and the court found, after hearing the uncontested testimony of the plaintiff's expert, that 2% to 3% of all births, all children born in the United States, are defective. Based upon that uncontested testimony, the trial court concluded that the damages are within the general field of danger covered by the duty. That's a fact matter, and it can only be disturbed on appeal on the clear error standard. And then the court awarded damages. The damages are... By that logic, then, any child born with a defect  and the health care provider is liable for all costs associated with treating the defect. If the patient seeks to invoke her constitutional right to forego reproduction through contraception or sterilization, and the health care provider fails to use due care in the medical procedure, then under Washington's medical malpractice statute, RCW 7.70 et cetera, the damages that flow from that are any damages which are within the general field of danger covered by the duty. Then why did the Washington Supreme Court limit in McKiernan the cost of childbirth? The Washington Supreme Court chose to limit the cost of childbirth in McKiernan, invoking the concept of legal causation, because the child was healthy. However, in Harbison, the Washington Supreme Court found that where the child is defective, then the costs associated with the extraordinary condition and for emotional distress may be awarded. But your rule is that any time there is a wrongful birth and a defect, the health care provider is responsible for all of the costs associated with treating the defect. That's exactly what the district court found following Harbison, and we believe that that is the correct reading of Harbison, Your Honor. Counsel, if I may interject a question, please. I may have misunderstood something here, but it sounds to me like, from the government's argument and your argument, that the government wants us to reverse the judgment without certifying, and you want us to affirm the judgment without certifying. The question with that prelude is, isn't it in the interest of justice for us to frame a question for the state Supreme Court to answer that would let it make the ultimate decision if it wishes to accept certification? Of course, it can always decline to certify, but what is the argument against certifying? There are two arguments against certifying. One of them is that the Washington Supreme Court has already answered this question in Harbison, and second, if I can have another minute or two, Your Honor, the person who would be most harmed by the delay involved in certification is the now nine-year-old disabled child. I'd like to point out that this child is intellectually disabled. She is in youth services, including vision therapy and occupational therapy. She has a severe birth defect called parasylvian polymicrogyria. She will never live independently. She has recurrent seizures. She is intellectually disabled with an IQ in the low 70s. She is illiterate, and her education will never advance beyond a first-grade level. The extraordinary costs associated with her condition for her lifetime were proven at trial to be $7.5 million, which the United States does not dispute. She is in need of services, including vision therapy and occupational therapy, and she can only benefit from these services while she is young. Her parents cannot afford to provide her the services that she needs, and every day that payment of this judgment is delayed is a day that this child goes without the benefit of the services that she needs. Certification to the Supreme Court is unnecessary because Harbison set up the roadmap and laid this out for us already. Let's ask one other question. What's your response to the government's claim that you're not even bringing a wrongful birth, a wrongful life claim, and you're only bringing a wrongful pregnancy or a conception claim? Washington's medical malpractice statute makes all of the labels being used irrelevant. There is, as Harbison stated, there is no significant difference between wrongful birth, wrongful life, or wrongful pregnancy. This is a medical malpractice action under RCW 7.70. The labels are reserved for academics who are discussing how different states approach these causes of action. Isn't the distinction, though, that the cause of action for wrongful birth belongs to the parents, but the cause of action for wrongful life is actually owned by the child who's represented by a guardian ad litem? That is correct. The wrongful birth cause of action belongs to the parents who are permitted by Harbison to recover for two things. One is the cost associated with the condition until the child reaches the age of majority and emotional distress, balance against the joy of having a child. And then the child plaintiff under the wrongful life is allowed to recover the costs associated with the condition after she reaches the age of majority. Well, I think we've gotten to the close of your argument, unless one of my colleagues has another question. Okay, then I think I want to thank Appellee's counsel for the argument. Thank you. Thank you very much. And to the United States for your rebuttal. Thank you, Your Honor. I just have three quick points that I'm hoping to make. We don't think Harbison can be fairly read to sort of read out of the decision, looking to whether a particular procedure is undertaken to prevent the conception or birth of a child suffering from some sort of birth defect, which plaintiff's reading would do. And the proximate causation analysis of the decision actually supports that, because if you look at that portion of the decision, it essentially just says, once we have a breach of the duty underlying a wrongful birth or wrongful life cause of action, legal causation is basically established. That makes sense, given the tie between the breach there and an unreasonable risk of birth defects. But if you remove that sort of link, it essentially does amount to, if there is a failure to provide contraceptive treatment, anything that might happen to the child that's born as a result of that negligence can be said to be a but-for cause of the negligence. And it is really a sort of boundless theory of liability, which nothing in Harbison indicates that the Washington Supreme Court was adopting. McKernan is entirely consistent with that. It announces a general bar on, and this is my second point, a general bar on recovery for child-rearing expenses. It doesn't announce any sort of exception when those child-rearing expenses are alleged to be more than ordinary in some sense. That's true with respect to the particular sort of possibility that a birth defect might arise, addressed in Harbison, but it's also anything, again, that could be said to be a but-for result of the negligence. There's really no sort of bounds on the exception that the plaintiffs are asking for here. Why isn't Plaintiff's reading correct? It says that Harbison allows for any damages that result in the birth, but McKernan says that if the child is born healthy, then you can't recover those damages. So put them together, it seems like the rule would be the cost of a birth of a defective child is a damage. Well, they involve two different duties, and that sort of makes sense given the way that Washington law in particular sort of looks to the foreseeable risks in deciding first whether a duty exists, and that has to be sort of a duty that exists with respect to which the unreasonable risk with respect to which the defendant's conduct was negligent, and then the scope of that duty. So the different duties, I think, are the way we would square the two decisions. And then the last point I would make is just with respect to the wrongful life cause of action just discussed at the end of my friend's argument. The wrongful life cause of action in Harbison arises because of an unreasonable risk of birth defects, creating a duty owed by the doctor there to the child. And it's really just not to think that the duty is to prevent the conception of any child based on the general risk that any pregnancy might result in a birth defect. That sort of notion of duty has no anchor in Harbison or any other court decision that I'm aware of. Well, isn't there just a general duty of care to perform medical procedures with due care? There is a general duty of care certainly to the parents to perform medical procedures with due care, but to think that there's a duty to the child that might be born as a result of negligence in the provision of contraceptive treatment. A duty of care to the child in that circumstance, because if they were born as a result of negligence, they might be subject to the same risk that anyone is that a congenital defect or any other condition might arise. That duty, I'm not aware of any court recognizing a duty along those lines. Thank you, counsel. I think you're over your extended time. Thank you. So unless Judge Tallman or Judge Bumate have further questions, I think we'll call this to a close and submit the case. Before we do so, I just want to thank both Mr. Overville and Mr. Maxwell for the excellent arguments. This case is a difficult case, and it really helps the court to have excellent advocacy as you both presented. So without further ado, unless one of my colleagues has another comment, we will bang the gavel and submit the case. And the court is adjourned for today. Thank you both. Thank you very much. This court for this session stands adjourned.
judges: Gould, Tallman, Bumatay